IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, and CHARLES DUFF, Revenue Officer, Internal Revenue Service,

Petitioner,

MC. NO. S-09-0068 GEB GGH

vs.

MAX SOLIZ, SR.,

Respondent.

ORDER AND FINDINGS AND RECOMMENDATIONS

___________________________________/

Previously pending on this court's calendar for October 1, 2009, was an order to show cause regarding the government's petition to enforce Internal Revenue Service summons. Yoshinori Himel appeared on behalf of the United States. Max Soliz, Sr. appeared in pro se. After taking testimony from Revenue Officer Duff and from respondent (Max Soliz, Sr.), the court now issues the following order and findings and recommendations.

The summons at issue seeks documents and testimony relating to the tax liability of respondent as President of Max Soliz Insurance Agency, Inc. for the tax year 2008. The summons directed respondent to appear and bring "documents and records you possess or control about income you received for the years: 2008." The summons gave examples of documents to

be included but not limited to "Forms W-2 (Wage and Tax Statement), Forms 1099 for interest and dividend income, employee earnings statements, and records of deposit with banks or other financial institutions." Other examples of documents to be included were "books, records, documents and receipts for income from, but not limited to, the following sources:

> wages, salaries, tips, fees, commissions, interest, rents, royalties, alimony, state or local tax refunds, annuities, life insurance policies, endowment contracts, pensions, estates, trusts, discharge of indebtedness, distributive shares of partnership income, business income, gains from dealings in property, and any other compensation for services (including receipt of property other than money). Include all documents and records about any income you *assigned* to any other Person or entity.

Govt.'s Ex. 1. (Emphasis added).

Respondent was first directed to appear on April 21, 2009. Although he did not appear on this date, he eventually appeared and turned over some documents in response to the summons. At hearing, respondent's testimony indicated that there may be further outstanding documents responsive to the summons, but it also appears that other documents requested by the government are not encompassed by the summons. Specifically, respondent testified that his tax preparer has expense receipts and cancelled checks, and may have other documents, such as contracts between Max Soliz Insurance Agency and Alta Sierra Insurance Services, Inc., which this court finds are not within the parameters of the summons' request for documents relating to income. By way of the summons' wording, including the examples of documents which might constitute evidence of income, the summons clearly requires only documents related to gross income and not net income or taxable income.

Gross income is defined in the Internal Revenue Code as:

> all income from whatever source derived, including (but not limited to) the following items:
>
> (1) Compensation for services, including fees, commissions, fringe benefits, and similar items;
>
> (2) Gross income derived from business;

(3) Gains derived from dealings in property;

(4) Interest;

(5) Rents;

(6) Royalties;

(7) Dividends;

(8) Alimony and separate maintenance payments;

(9) Annuities;

(10) Income from life insurance and endowment contracts;

(11) Pensions;

(12) Income from discharge of indebtedness;

(13) Distributive share of partnership gross income;

(14) Income in respect of a decedent; and

(15) Income from an interest in an estate or trust.

26 U.S.C. § 61(a).

The summons is strictly limited to documents evidencing income and does not include documents evidencing expenses, deductions, credits, and the like. It does, however, provide for production of any income assigned to another person or entity. Therefore, to the extent that respondent may have access to (possession or control) further responsive documents relating to income or assignment of income, he will be given one more opportunity to produce them. All documents relating to the inflow of money directly to him or his corporation, or assigned by him or his corporation to another person or entity, that are in respondent's control or possession,[1] shall be produced.

\\\\\

---

[1] Control includes those documents in the possession of Max Soliz Insurance Agency, respondent's tax preparer, or any other person or entity for which respondent (Soliz, Sr.) has a legal right to access.

In accordance with directives outlined above, IT IS ORDERED that within ten days of this order, respondent shall produce all documents responsive to petitioner's IRS summons to Charles Duff at IRS offices, 4430 Watt Avenue, Sacramento, California.

IT IS HEREBY RECOMMENDED that the government's petition to enforce Internal Revenue Service summons is denied in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/06/09

/s/ Gregory G. Hollows

U. S. MAGISTRATE JUDGE

GGH:076:USSoliz0068.fr